UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20269-CR-COOKE

UNITED STATES OF AMERICA

       Plaintiff,

vs.

NOE REINA DE LA CRUZ,
RAUL GIL-RODRIGUEZ,
NEY ANTONIO LOPE DE LA CRUZ
DOMINGO REYES
YOUSEF MICHI,
ESTEBAN OCHOA,
VANTROY SANCHEZ,
JEFFREY BATISTA,
CARLOS DAVID FRANCO and
PEDRO DE LA CRUZ,
       Defendants

And

LV LENDING LLC,

       Third Party Claimant/Petitioner.

_____/

## PETITION AND REQUEST FOR HEARING

## PURSUANT TO 21 U.S.C §853(N)(2)

LV LENDING LLC, Third Party Claimant/Petitioner, by and through undersigned counsel,

petitions this Court for an ancillary hearing pursuant to 21 U.S.C §853(n), and asserts its interest

as an innocent third party with legal title and superior interest with respect to the real properties

subject to this Court's Preliminary Order of Forfeiture dated February 25ᵗʰ, 2019 ("Preliminary Order"). A copy of the Preliminary Order is attached hereto as Exhibit A.

## I.     THE PARTIES TO THIS THIRD PARTY ANCILLARY PROCEEDING

1.     LV LENDING LLC, ("Petitioner") is a Florida limited liability corporation with it's principal place of business located at 175 SW 7ᵗʰ St., Suite 2101, Miami, Fl. 33130. LV LENDING LLC is a Third Party Claimant in the captioned civil third party proceeding ancillary to the criminal action against the Defendants Noe Reina De La Cruz et al.

2.     The United States of America ("Plaintiff", "Government") is the Plaintiff in this civil third party ancillary proceeding.

3.     Noe Reina De La Cruz, et. al. ("Defendants") are the criminal defendants in the criminal prosecution underlying this civil third party ancillary proceeding.

## II.     THE PROPERTIES IN ISSUE

4.     The PETITIONER asserts its legal interest in all right and title to the real properties ("Properties") located at:

3084 SW 112ᵗʰ Ave., Davie, Florida 33330 which is more fully described as:

**PARCEL 1**: Lot 4, Block 3, DAVIE FARMETTES, according to the plat thereof, as recorded in Plat Book 72, at Page 10, of the Public Records of Broward County, Florida. Parcel Identification No. 5041-10-02-0220,
a/k/a 3084 Southwest 112ᵗʰ Ave., Davie, Florida 33330.

**PARCEL 2**: South 32 feet of Lot 3, DAVIE FARMETTES, according to the plat thereof, as recorded in Plat Book 72, at Page 10, of the Public Records of Broward County, Florida Parcel Identification No. 5041-19-0211
a/k/a 3084 South Hiatus Road, Davie, Florida 33330

The PETITIONER holds a $350,000.00 Promissory Note secured by the PROPERTIES pursuant to the terms and conditions of a First Mortgage. A copy of the mortgage and the note are attached hereto as Composite Exhibit B.

5.     The GOVERNMENT issued a Notice of Lis Pendens on the PROPERTIES on April 16th, 2018. A copy of the Notice of Lis Pendens is attached hereto as Exhibit C.

6.     Defendant, NOE REINA DA LA CRUZ, in his plea agreement, consented to an order of forfeiture for a forfeiture money judgment in the amount of at least $1,084,000, and agreed that forfeiture of the PROPERTIES, along with a watch, would partially satisfy the forfeiture money judgment.

7.     There is a pending Broward County Foreclosure Complaint, case number CACE-18-020259, initiated by the PETITIONER on August 24th, 2018 to foreclose on the PROPERTIES. This foreclosure case is presently barred from moving forward pursuant to 21 USC 853§ (k)(2). A copy of the Foreclosure Complaint is attached hereto as Exhibit D.

### III. BASIS FOR THIS HEARING REQUEST

8.     Pursuant to 21 U.S. C 853(n)(3), the PETITIONER intends to prove, via a preponderance of evidence, that the PETITIONER has **a)** a legal right, title, or interest in the properties, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the PETITIONER rather than the DEFENDANTS or was superior to any right, title, or interest of the DEFENDANTS at the time of the commission of the acts which gave rise to the forfeiture of the properties; and/or **b)** is a bona fide purchaser for value of the right, title and interest in the subject properties

and was at the time of purchase reasonable without cause to believe that the properties were subject to forfeiture.

9.      A summary of the evidence to support the PETITIONER'S claim is as follows:

a.      The PETITIONER is a private lending corporation focused on short term business and investment mortgage loans on residential and commercial land acquisitions and properties.

b.      In mid-2017, IDL Group Services Corp, a Florida corporation and then owners of the PROPERTIES, were seeking to re-finance the PROPERTIES and, as such, were connected to the PETITIONER via a broker.

c.      The PETITIONER and IDL Group Services Corp. had never had any business or personal dealings before being connected through the broker to re-finance the PROPERTIES.

d.      The entire transaction between the PETITIONER and IDL Group Services Corp. was a legitimate and customary arms length transaction between two entities with no personal relationship.

e.      IDL Group Services Corp's registered agent and individual representing the company was Ingrid De La Cruz. Ingrid De La Cruz is not a named Defendant in the criminal case and had never before had any personal or business dealings with the PETITIONER.

f.      At the time of the arms length transaction, no indictment had been issued against the DEFENDANTS nor were the PROPERTIES subject to any forfeiture.

g.      In June, 2017, the appropriate due diligence and title search were conducted revealing clean title and nothing out of the ordinary.

h.      Thereafter, June 22nd, 2017, IDL Group Services Corp, executed and delivered to PETITIONER a balloon promissory note in the amount of $350,000.00 and a first mortgage on the PROPERTIES, securing payment of the promissory note to PETITIONER. The mortgage and the note are recorded at Instrument Number 114469047 of the Public Records of Broward County, Florida.

i.      IDL Group Services Corp., defaulted on the loan and in August 2018, the PETITIONER sought to foreclose its first mortgage on the PROPERTIES but was prohibited to do so due to the present forfeiture claim.

## IV. **RELIEF REQUESTED**

10.     The PETITIONER seeks relief from this Court's Preliminary Order of Forfeiture and hereby requests that this Honorable Court hold a hearing ancillary to the DEFENDANTS' criminal proceedings at which PETITIONER may present evidence and witnesses on its own behalf pursuant to 21 U.S. C §853(n)(5), and further that this Court amend its Preliminary Order of Forfeiture to fully recognize the interests of the PETITIONER as set forth herein and that the PROPERTIES therefore not be subject to forfeiture.

WHEREFORE, the PETITIONER respectfully requests that a hearing pursuant to 21 U.S. C §853 to adjudicate the validity of the PETITIONER's interest in the PROPERTIES to determine that the PETITIONER holds a superior, secured, interest in the property, and requests that this Court amend its Preliminary Order of Forfeiture to fully recognize the interests of the PETITIONER as set forth herein and that the PROPERTIES are therefore not subject to forfeiture.


DATED: March 12th, 2019.

Respectfully Submitted,

/s/ Marcia Giordano Hansen, Esq.
Marcia Giordano Hansen, Esq.
Florida Bar No. 0470767
Attorney for Third Party Claimant/Petitioner
4000 Ponce De Leon Blvd. ,Suite 470
Coral Gables, Fl. 33146
(305) 777-0474
mgh@thehansenlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March __, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF.

By:     /s/ Marcia Giordano Hansen
Marcia Giordano Hansen

## CERTIFICATION

CAMILO NINO, as CEO of LV LENDING LLC, declares under penalty of perjury that he has

read the above and foregoing petition and request for hearing pursuant to 21 U.S. C § 853(n)(2),

knows the contents thereof and certifies that the same is true and correct.

DATED this _13th_ day of March, 2019.

_____
Camilo Nino
CEO- LV LENDING LLC

SUBSCRIBED AND SWORN to before me by CAMILO NINO this _13th_ day of March, 2019.

ADYARI MORALES
Notary Public - State of Florida
Commission # FF 907451
My Comm. Expires Aug 6, 2019
Bonded through National Notary Assn.

_____
Notary Public